REYES & PAGÁN, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent. FELIPE TORRES, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent. RAMÓN PÉREZ, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

Nos. 1126, 1127 and 1128.   Argued January 31, 1938.—Decided February 7, 1938.

*R. A. Arroyo Ríos* for petitioners.   *R. S. Vidal* for plaintiff in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

Civil case No. 46 was filed in the District Court of Humacao by *Cruz Pérez & Co., S. en C., v. Félix Pérez,* for

the collection of money. Pursuant to an order of attachment to secure the effectiveness of the judgment, the marshal proceeded to levy on two houses and four cows as belonging to the defendant. Claiming to be the true owners of the two houses, three cows, and one cow, respectively, each of the present petitioners filed an application with the lower court to be allowed to intervene in said civil suit No. 46, which was accompanied by the corresponding complaint in intervention praying for the annulment of the attachment and a decree that the property belonged exclusively to the intervener, with imposition of costs should there be any opposition. Having heard the arguments on both sides with regard to the motions to intervene, the lower court denied them on the grounds expressed in the order which follows:

"Whereas the right invoked by Ramón Pérez only refers to the title which he claims to certain property attached by the plaintiff as belonging to the defendant and as there exists a clear and adequate remedy for such a situation under our statutory law, which is the Proceeding to try the right to Personal Property (Tercería sobre Bienes Muebles); and as it clearly follows from the above that petitioner's interest has no connection with the 'matter in litigation', the only instance where intervention in an action is permitted by Section 72 of the Code of Civil Procedure establishing and regulating the procedure, the petition of intervention filed in this case by Ramón Pérez is denied, with costs against him in which the sum of $25.00 is included as reasonable fees for the plaintiff's attorney in the incident."

For the purpose of having this Supreme Court review and correct the supposed procedural errors imputed to the lower court, the interested parties have filed various petitions for certiorari, which we shall consider and decide in one opinion as they involve the same legal issue.

Petitioners maintain that the lower court exceeded its powers when it issued the orders to be reviewed; that they are void and without legal effect inasmuch as said court had no authority or jurisdiction to issue them whereas by such orders the petitioners were denied the right that they have,

under Section 72 of the Code of Civil Procedure and the decisions of this Supreme Court to intervene for the purpose of claiming title to property attached as belonging to the defendant in the main suit; and that the writ of certiorari should be issued because the petitioners have no other rapid, efficient or adequate remedy for the protection of their rights.

After writs of certiorari had been issued in each case, the plaintiff in the main action, Cruz Pérez & Co., appeared in each of them, and in opposition to the proceedings for certiorari, alleged:

"1. That the district court had jurisdiction to issue the orders denying the intervention.

"2. That such orders are legal and valid.

"3. That the remedy of intervention does not lie in any of these three cases.

"4. That certiorari does not lie to review such adverse orders."

We agree with the opposing party in that the question involved is not jurisdictional. The district court had jurisdiction to grant or deny the intervention. The question to be decided is whether the court, by denying the intervention for the reasons expressed in the order transcribed above, committed an error of procedure which can be corrected by certiorari, or whether, according to the law and the cases, it acted correctly.

Section 72 of our Code of Civil Procedure (1933 ed.) reads as follows:

"Section 72.—Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and

served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

Interpreting Section 72, supra, this Supreme Court has laid down the rule for this jurisdiction to be that the remedy of intervention existing under the civil law and incorporated into our procedural law when the provisions of the corresponding Code of California were adopted, may be exercised by one who claims title to property attached as belonging to another person or by him who claims any lien or right on the attached property; and that the fact that the intervener may have recourse to the remedy of a third party proceeding (*tercería*) is not a bar to the exercise of the right of intervention. See: *Mari* v. *Mari,* 26 P.R.R. 603; *Rodríguez & Hnos., S. en C.* v. *District Court,* 40 P.R.R. 839; *Casanova* v. *Municipal Court,* 41 P.R.R. 841; *Murray* v. *Tabacaleros de Bayamón, Inc.,* 43 P.R.R. 200; *Benítez* v. *Tabacaleros etc. y Fed. Int. Credit Bank of Baltimore,* 50 P.R.R. 754.

It is erroneously maintained in the orders sought to be reviewed that Section 72, supra, authorizes intervention only in those cases where the interest of the intervener is connected (*relacionado*) with "the matter in litigation." The mere reading of said Section discloses that any person may intervene in a litigation pending between two or more other persons, in the following cases: (*a*) if he has an interest in the matter in litigation; (*b*) if he has an interest in the success of either of the parties; and (*c*) if he has a right against both parties.

If it were not for the attachment levied upon the property claimed by the petitioners as their own, they would not have an interest in the mater in litigation, that is, in the action which Cruz Pérez & Co., S. en C. has filed against Félix Pérez for the recovery of a sum of money. But when the property claimed by the petitioners as their own became subjected to the payment of that debt by virtue of the

attachment, that property became an integral part of the matter in litigation, inasmuch as it runs the risk of being sold at public auction in execution of the judgment which may be entered in the main action. Therefore the petitioners, as alleged owners of the attached property, have interests and rights against both parties; against the plaintiff, so as to prevent him from collecting his credit by executing on property which does not belong to his debtor but to the petitioners; and against the defendant, in order to. prevent him from allowing his obligation to be satisfied from property not belonging to him. The limit of the rights of each of the parties interested can be fixed without any difficulty within the main action, with as much if not more ease and rapidity than in a third party. proceeding (*tercería*) where the same contending parties would necessarily have to intervene.

The error committed by the lower court being one of procedure it is subject to correction by certiorari.

For the foregoing reasons, the three orders issued by the District Court of Humacao on January 4, 1938, are set aside and vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.